Peñagarícano Soler, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, Luz María García Centeno (en adelante, Sra. García), mediante revisión administrativa presentada el 22 de abril de 2003. Nos solicita, revisemos la Resolución Sumaria emitida y archivada el 12 de febrero de 2003, por la Corporación para la Supervisión y Seguros de Cooperativas de Puerto Rico (en adelante, COSSEC). Por la misma, COSSEC desestimó la querella presentada por la parte recurrente por hallar la misma académica.
Examinados los escritos y documentos de las partes, determinamos expedir el auto solicitado y confirmar la Resolución Sumaria recurrida.
*781 I
El 31 de octubre de 1989, el Sr. Gregorio Montañez Cruz (en adelante, Sr. Montañez), abrió una cuenta de ahorros en la Cooperativa de Ahorro y Crédito de Maunabo (en adelante, Mauna Coop). Al momento de hacerse socio de Mauna Coop, el Sr. Montañez suscribió una tarjeta testamentaria, señalando como beneficiaria a su hermana Guillermina Montañez Cruz, del cien por ciento (100%) de sus haberes en la cooperativa. En mayo de 2001, el Sr. Montañez resultó ganador de un premio de la lotería de Puerto Rico por la cantidad de $75,000.00, depositando gran parte del mismo en su cuenta de ahorros de Mauna Coop.
Así las cosas, el 24 de noviembre de 2001, el Sr. Montañez falleció intestado. Al momento de su fallecimiento, éste se encontraba casado con la Sra. García, con quien procreó siete hijos. El 2 de febrero de 2002, la representante legal de Mauna Coop apuntó en una misiva dirigida al representante legal de la parte recurrente, que el 17 de enero de 2002, la cooperativa había recibido un requerimiento sobre los haberes del Sr. Montañez en esa institución. Señaló además, que el 23 de enero de 2002, la cooperativa recibió a su vez un requerimiento por parte de la hermana del causante fundamentada en la designación de ésta como beneficiaria en la tarjeta testamentaria. 
El 25 de marzo de 2002, los herederos del Sr. Montañez, mediante una carta dirigida al Presidente Ejecutivo de Mauna Coop, solicitaron formalmente la congelación y entrega de los bienes del causante allí depositados. No obstante, la cooperativa se negó a entregar los mismos debido a que en la tarjeta testamentaria que cumplimentara el causante al abrir su cuenta, éste dispuso a su hermana como beneficiaria. Luego de varios incidentes, el 23 de mayo de 2002, la parte recurrente instó en COSSEC una querella contra Mauna Coop. Esgrimió que la cooperativa se negaba a desembolsar los bienes del Sr. Montañés sin razón fundamentada. A esos efectos, solicitó la orientación y determinación de la agencia recurrida. 
El 13 de junio de 2002, Mauna Coop presentó su Contestación a la Querella. El 13 de agosto de 2002, se celebró en COSSEC una vista informal entre las partes de autos; la Sra. Guillermina Montañez no acudió a la misma. El 12 de septiembre de 2002, Mauna Coop presentó ante el Tribunal de Primera Instancia, Sala de Guayama, una Moción de Consignación, anexando la presentación de un cheque por la cantidad de $67,206.99. Así las cosas, el 13 de septiembre de 2002, el representante legal de la Sra. Guillermina Montañez dirigió una misiva a COSSEC, indicando que el 15 de agosto' de 2002 había peticionado formalmente a Mauna Coop la entrega a su cliente de los bienes del Sr. Montañez. Asimismo, señaló que reiteraban su reclamación de los fondos en la cooperativa por ser la Sra. Montañez la beneficiaria de la tarjeta testamentaria. El 28 de enero de 2003, Mauna Coop presentó ante COSSEC una Moción Informativa y Solicitud de Cierre de Expediente, señalando haber consignado ante el TPI los dineros objetos de controversia en autos. 
En tanto, el 5 de febrero de 2003, la parte recurrente presentó su Oposición al Archivo del Caso. El 12 de febrero de 2003, COSSEC emitió la Resolución Sumaria de autos desestimando la querella. En suma, precisó que como consecuencia de haberse consignado los fondos en disputa ante el tribunal de instancia, la agencia carecía de remedio a conceder, por lo cual la reclamación de la parte recurrente había advenido académica. El 18 de mayo de 2003, COSSEC denegó la moción en reconsideración que presentara la Sra. García. 
Inconforme con la anterior determinación, el 22 de abril de 2003, la Sra. García acudió ante nos mediante recurso de revisión administrativa. En el mismo, indicó el siguiente señalamiento de error:

“ERRO LA AGENCIA AL DECRETAR EL ARCHIVO DEL CASO SIN ADJUDICAR LAS CONTROVERSIAS QUE SE LE PRESENTARON; ACCION QUE ES CONTRARIA A DERECHO

El 2 de mayo de 2003, COSSEC presentó una Moción de Desestimación por Falta de Jurisdicción, aduciendo que el recurso de autos no fue notificado a la Junta de Directores de la agencia. El 28 de mayo de *782 2003, la parte recurrente presentó su Oposición a Solicitud de Desestimación. Postuló que la Junta de Directores y COSSEC constituyen una sola entidad. El 3 de junio de 2003, emitimos Resolución concediendo diez (10) días a COSSEC para expresarse en tomo a lo anterior.
El 9 de junio de 2003, COSSEC presentó una Réplica a Moción en Oposición a Solicitud de Desestimación. El 20 de junio de 2003, COSSEC presentó Moción en Cumplimiento de Orden. El 3 de julio de 2003, concedimos quince (15) días a COSSEC para atender los méritos del recurso. El 4 de agosto de 2003, COSSEC presentó su Alegato. 
II
Como cuestión de umbral, dispondremos del planteamiento jurisdiccional traído ante nuestra consideración por la parte recurrida. COSSEC argumenta que su Junta de Directores es una agencia separada de la corporación. Añade que a base de la normativa jurisprudencial, es un requisito jurisdiccional que se notifique el presente recurso de revisión a la referida Junta, en adición a COSSEC. Veamos.
El artículo 1 de la Ley de la Corporación Pública para la Supervisión y Seguros de Cooperativas de Puerto Rico, Ley Núm. 114 de 17 de agosto de 2001, establece lo siguiente:

“Es política pública del Estado Libre Asociado de Puerto Rico velar por la integridad, solvencia y fortaleza financiera del Movimiento Cooperativo de Puerto Rico. Parte esencial de dicha política pública y responsabilidad esencial del Estado, es efectuar una supervisión y fiscalización justa, equitativa y efectiva de las cooperativas bajo los siguientes principios:

(a) La función de fiscalización y supervisión total de las cooperativas de ahorro y crédito y sus operaciones, productos y servicios, estará consolidada y unificada de forma exclusiva en la Corporación Pública para la Supervisión y Seguros de Cooperativas de Puerto Rico.

(b) La formulación de política pública y reglamentación del Movimiento Cooperativo por parte de la Corporación contará con representación de las cooperativas aseguradas, según se dispone más adelante en este capítulo.

(c) Aquellos asuntos relativos a los procesos rectores de las cooperativas, cuyos asuntos no presenten o impliquen riesgos relativos a la integridad económica, financiera, jurídica o moral de dichas instituciones o de sus socios, serán objeto de autoreglamentación al amparo de aquellas reglas que adopte la Corporación con el concurso de la Junta, según se dispone más adelante en este capítulo.” 7 L.P.R.A. see. 1334.
De conformidad con el Art. 4 de la Ley Núm. 114, supra, la responsabilidad primordial de COSSEC es, entre otras cosas, “ [fjiscalizar y supervisar deforma comprensiva y consolidada a las cooperativas de ahorro y crédito que operen o hagan negocios en el Estado Libre Asociado de Puerto Rico; ...[pjroveer a todas las cooperativas de ahorro y crédito un seguro de acciones y depósitos.... ”. 7 L.P.R.A. sec. 1334b (b).
Por su parte, la Junta de Directores de COSSEC cuenta entre sus facultades el aprobar reglas y reglamentos para la aplicación de los asuntos de la corporación, así como: “[ejstablecer la política de inversiones de la Corporación de conformidad a las disposiciones y limitaciones establecidas en este capítulo; ...[rjealizar estudios actuariales; ...[ajdoptar las medidas preventivas o remediativas que sean necesarias para reducir el potencial de pérdidas de las cooperativas aseguradas.... ”. 1 L.P.R.A. sec. 1334e (b) (c) (e).
Asimismo, el Presidente Ejecutivo de COSSEC es el encargado, entre otras, de “[a]tender las consultas, solicitudes de opiniones y determinaciones administrativas y/o querellas que se le presenten. En tales casos, la decisión del Presidente ejecutivo podrá ser revisada por la Junta de Directores....”. Bastardillas nuestras. 7 L.P. *783 R.A. sec. 1334h (s).
Predicado en lo anterior, atendemos los argumentos traídos por COSSEC. Contrario a lo alegado por la parte recurrida, el caso que nos ocupa se distingue de la norma establecida en Rosario & Associates, Inc. v. Departamento de la Familia, 2002 J.T.S. 93. Conforme al análisis de la normativa estatutaria y jurisprudencial aplicable, la Junta de Directores de COSSEC tiene a bien las funciones generalmente atribuidas a la junta de una corporación. Esto es, velar por el funcionamiento a grandes rasgos de la entidad corporativa, con funciones como lo son el fijar cuotas y primas especiales, así como establecer el sistema de análisis financiero de la misma. 7 L.P.R.A. 1334e.
A diferencia de las agencias concernidas en Rosario & Associates, Inc. v. Departamento de la Familia, supra, la Junta de Directores de COSSEC no es un cuerpo creado específicamente con el fin primordial de revisar las determinaciones del Presidente Ejecutivo en tomo a las querellas de socios individuales que pudieran presentarse. De la letra de la ley habilitadora de la agencia recurrida, no se colige que la concepción de este cuerpo haya tenido como propósito esencial la revisión de las decisiones referentes a querellas ante el oficial ejecutivo.
Precisa destacar que en el caso en que se apoya la corporación para solicitar la desestimación del presente recurso, la agencia en controversia -la Junta Adjudicativa-, fue creada por el Departamento de la Familia con el fin específico de revisar aquellas determinaciones tomadas por la Junta de Subastas. En contraste, hallamos que la situación fáctica de autos no nos permite la interpretación análoga que pretende la agencia recurrida. Ante ello, nos declaramos con jurisdicción para atender el recurso de revisión ante nos presentado.
III
“El alcance de la revisión judicial comprende tres áreas. Ellas son: (1) Concesión del remedio apropiado, (2) Revisión de las determinaciones de hechos, conforme al criterio de la evidencia sustancial, y (3) Revisión completa y absoluta de las conclusiones de derecho.” Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administratiyo Uniforme, 2da. Ed., Bogotá, Forum, 2001, pág. 534. Asimismo, el tribunal revisor deberá precisar si las actuaciones de la agencia son acordes al poder que le fuera delegado por ley; así se determinará si la actuación fue ultra vires. Puerto Rico Telephone Company v. Junta Reglamentadora de Telecomunicaciones de Puerto Rico, 2000 J.T.S. 98. (Citas omitidas).
El expediente de la agencia constituirá la base exclusiva para la acción de la agencia en un procedimiento adjudicativo y para la revisión judicial ulterior. Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. see. 2168. “Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de manera arbitraria, ilegal o tan irrazonable que sus actuaciones constituyeron un abuso de discreción. ” Municipio de San Juan v. J.C.A. y otros, 99 J.T.S. 152, citando a Fuertes v. A.R.P.E., 134 D.P.R. 947 (1993). Véase, además, Municipio de San Juan v. Junta de Calidad Ambiental, 2000 J.T.S. 193; T-JAC v. Caguas Centrum Limited, 99 J.T.S. 60; Rivera v. A & C Development Corp., 144 D.P.R. 450 (1997); Agosto v. Fondo del Seguro del Estado, 132 D.P.R. 866 (1993). Para que el tribunal revisor se encuentre en posición de analizar la determinación tomada por el organismo administrativo, es imprescindible que las agencias acojan determinaciones de hechos y de derecho.
El Tribunal Supremo de Puerto Rico ha manifestado en reiteradas ocasiones que las determinaciones de hechos adoptadas por la agencia serán sostenidas por los tribunales de estar éstas basadas en evidencia sustancial. Se considera la evidencia sustancial como aquella evidencia que “una mente razonable pueda aceptar como adecuada para sostener una conclusión”. Asoc. de Vecinos Hosp. San Jorge v. United Medical Corp., 2002 J.T.S. 21, a la pág. 561; Ramírez v. Departamento de Salud, 99 J.T.S. 47; Associated Insurance Agencies, Inc. v. Comisionado de Seguros de P.R., 144 D.P.R. 425 (1997).
Lo anterior responde a la intención legislativa de revestir a las determinaciones realizadas por las agencias, *784 con un velo de corrección y legitimidad. Por ello, es ampliamente conocido que las actuaciones de las agencias administrativas gozan de la más dilatada deferencia. No obstante, la deferencia no ha de ser óbice para la revisión en aquellos casos donde la misma menoscabe derechos de índole fundamental o sea irrazonable. Costa Wood, et al. v. Caguas Expressway Motors, Inc., supra; Reinaldo Castillo Camacho v. Dpto. del Trabajo, 2000 J.T.S. 154. 
Habida cuenta de ello, recientemente, el Tribunal Supremo de Puerto Rico expresó en tomo a las determinaciones de hechos, que:
“...cuando una parte alega haber sido afectada por una determinación de hecho de una agencia, tendrá que demostrar que en el expediente administrativo existe otra prueba que reduce o menoscaba el valor probatorio de la evidencia impugnada, hasta tal punto que no pueda concluirse que la determinación de la agencia, fue razonable a la luz de la totalidad de la prueba que tuvo ante su consideración...Si por el contrario, la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de la agencia deberán sostenerse por el tribunal revisor...”. OEG v. Rodríguez Martínez, supra, a la pág. 795. Bastardillas nuestras y citas omitidas.
El criterio rector para los tribunales, será la razonabilidad en la actuación de la agencia recurrida. Así pues, al realizar su función revisora, el tribunal está compelido a considerar la especialización y experiencia de la agencia sobre las cuestiones que tuviera ante sí. Por tanto, en el descargo de su función, deberá caracterizar entre asuntos de discernimiento estatutario o cuestiones de especialización administrativa. No obstante, la deferencia reconocida no equivale a la renuncia de la función revisora del Tribunal en instancias apropiadas y meritorias, como resulta ser cuando el organismo administrativo ha errado en la aplicación de la ley. Reyes Salcedo v. Policía de P.R., supra; Rodríguez v. Comisión Industrial, 99 D.P.R. 368 (1970).
Según expuesto en Adorno Quiles v. Hernández, 126 D.P.R. 191 (1990), a la pág. 195, “[...] al evaluar los casos es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa.” Quiñones v. San Rafael Estates, S.E., 143 D.P.R. 756 (1997); Alvarez v. Junta de Directores, Con. Villa Caparra, 140 D.P.R. 763 (1996); Fuertes v. A.R.P.E., supra.
En tanto, con respecto de las determinaciones de derecho, el Tribunal Supremo de Puerto Rico pronunció:
“Las conclusiones de derecho de la agencia, distinto de las determinaciones de hechos, pueden ser revisadas ‘en todos sus aspectos por el tribunal’, LPAU, see. 4.5, 3 L.P.R.A. § 2175 (1992), sin sujeción a norma o criterio alguno. Véase, Miranda v. Comisión Estatal de Elecciones, ante. Esto no significa, sin embargo, que al ejercer su función revisora, el tribunal pueda descartar libremente las conclusiones e interpretaciones de la agencia, sustituyendo el criterio de ésta por el propio. Al contrario, hemos reiterado consistentemente -antes y después de la vigencia de la LPAU- que, de ordinario, los tribunales deben deferencia a las interpretaciones y conclusiones de los organismos administrativos”. Puerto Rico Telephone Company v. Junta Reglamentadora de Telecomunicaciones de Puerto Rico, supra, a la pág. 1266. (Citas omitidas)
Finalmente, el foro judicial podrá sustituir el criterio del organismo administrativo por el propio, sólo en aquellas ocasiones que no encuentre una base racional que fundamente la actuación administrativa. No obstante, es axioma judicial que ante la prueba pericial y documental, el tribunal revisor se encuentra en igual posición que el foro recurrido y, por tanto, está facultado para apreciar la prueba apoyándose en su propio criterio. Dye-Tex de P.R. v. Royal Ins. Co., 2000 J.T.S. 67; Rodríguez Roldán v. Municipio de Caguas, 133 D.P.R. 694 (1993).
Por otro lado, y como mencionáramos, la responsabilidad primordial de COSSEC, entre otras cosas, lo es, “[fjiscalizar y supervisar deforma comprensiva y consolidada a las cooperativas de ahorro y crédito que operen *785 o hagan negocios en el Estado Libre Asociado de Puerto Rico; ...[pjroveer a todas las cooperativas de ahorro y crédito un seguro de acciones y depósitos....”. 7 L.P.R.A. sec. 1334b (b). Por ello, el art. 4 de la Ley Núm. 114, supra, dispone la transferencia a COSSEC de “...todos los poderes y deberes de la Oficina del Comisionado de Instituciones Financieras, de la Oficina del Inspector de Cooperativas.... ”. 1 L.P.R.A. sec. 1334b.
Ello, con el propósito de facultar el desempeño de COSSEC en torno a la supervisión, fiscalización e implantación de determinadas disposiciones de ley en su aplicación a las cooperativas de ahorro y crédito. Ibid. Asimismo, el aludido articulado expone de forma específica que COSSEC tendrá inherencia sobre: la Ley de Sociedades Cooperativas de Ahorro y Crédito de 1989; la Ley General de Sociedades Cooperativas de Puerto Rico, 5 L.P.R.A. secs. 4001 et seq.; Ley de Préstamos Personales Pequeños, 10 L.P.R.A. secs. 941 et seq.; Ley de Instituciones Hipotecarias, 7 L.P.R.A. secs. 1051 et seq.; Ley de Instituciones de Arrendamiento de Propiedad Mueble, 10 L.P.R.A. secs. 996 et seq.; Ley Para Regular los Contratos de Arrendamiento de Bienes Muebles, 10 L.P.R.A. secs. 2401 et seq.; Ley Para Regular el Negocio de Transferencias Monetarias, 10 L.P.R.A. 2551 et seq.; Ley Sobre Transferencias de Fondos al Extranjero, 7 L.P.R.A. 1401 et seq.; Ley Uniforme de Valores, 10 L.P.R. A. 851 et seq.; Ley de Compañías de Inversiones de Puerto Rico, 10 L.P.R.A. secs. 661 et seq.; 7 L.P.R.A. secs. 206-209, 215; Ley de Ventas a Plazos y Compañías de Financiamiento, 10 L.P.R.A. secs. 731 et seq.; Ley Para Reglamentar el Negocio de Intermediación Financiera, 7 secs. 1071 et seq.; 13 L.P.R.A. secs. 8569 y 8572, partes del Código de Rentas Internas de 1994; Ley Para Regular los Depósitos de Fondos Públicos y para Proveer sobre su Seguridad, 7 L.P.R.A. secs. 251 et seq. 
Evidentemente, entre las facultades y poderes delegados a la agencia recurrida no despunta el emitir determinaciones en cuanto a asuntos sucesorios. Habiendo examinado el derecho aplicable, así como los escritos de las partes, estamos en posición de resolver. Así lo hacemos.
IV
En el caso de marras, existen dos partes contrarias que solicitan la titularidad de los haberes dejados por el Sr. Montañez en Mauna Coop al momento de su deceso. Mauna Coop se negó a entregar el dinero en cuestión, pues entendía que el foro correspondiente para dilucidar la controversia lo era el tribunal. La parte recurrente acudió a COSSEC solicitando la opinión en tomo a la validez de las tarjetas testamentarias, y la entrega inmediata de los bienes. A esos efectos, COSSEC concedió una vista informal a las partes envueltas conforme lo solicitado por la parte recurrente.
A esa vista no se personó la Sra. Guillermina Montañez, hermana del causante, no empece mediante carta a COSSEC indicó haber solicitado formalmente la entrega de los bienes por ser beneficiaría en la tarjeta testamentaria cumplimentada por el Sr. Montañez y reiteró su pedido. Así pues, COSSEC entendió trabada la controversia que nos ocupa. Así las cosas, Mauna Coop procedió a consignar el dinero en controversia ante el foro judicial. En vista de lo anterior, COSSEC determinó que la querella ante sí advino académica y desestimó la misma.
La parte recurrente nos solicita que revoquemos la determinación tomada por la agencia, pues entiende que no hay controversia en cuanto a la titularidad del dinero en cuestión y por tanto COSSEC debía haber ordenado que la cooperativa entregara el mismo. No le asiste la razón.
Bajo el crisol doctrinario esbozado, resulta forzoso concluir que bajo las circunstancias del caso de marras, el foro judicial es en efecto aquél con jurisdicción para resolver la cuestión en controversia. De entre las facultades conferidas a COSSEC no se encuentra la disposición de asuntos de índole sucesorio. Contrario a lo argumentado por la Sra. García, la nulidad o validez de la tarjeta testamentaria en cuestión no es materia a ser dirimida por la agencia recurrida.
Además, resulta indubitado que tras un ponderado análisis a la querella interpuesta por la parte recurrente ante *786 COSSEC, el remedio solicitado estaba fuera del ámbito de facultades de la agencia. En este caso, son los tribunales los llamados a ponderar, auscultar y determinar la validez de la tarjeta testamentaria en cuestión y la subsiguiente adjudicación de los bienes en litigio. 
Por último, precisa destacar que en Rodríguez Pérez v. Sucn. Rodríguez, 126 D.P.R. 284 (1990), el Tribunal Supremo de Puerto Rico manifestó, entre otros, que la designación de beneficiarios en una tarjeta testamentaria constituia una donación mortis causa y como tal estaba sujeta -aunque liberalmente-, a las reglas de la sucesión testamentaria. Véase, Rodríguez Pérez v. Sucn. Rodríguez, supra, a la pág. 295. Asimismo, el tribunal determinó que para poder disponer sobre la titularidad de los bienes en la institución o cooperativa, el tribunal está compelido a celebrar una vista en donde se dilucide la naturaleza de los bienes en cuestión, y aquello relacionado al efecto de la donación sobre la legítima de los herederos forzosos. En forma alguna se puede colegir que el aludido caso invalidara las tarjetas testamentarias; más bien se expone el procedimiento a seguir al emitir juicio sobre éstas.
Por tanto, no hallamos que la actuación de la agencia recurrida, COSSEC, fuera irrazonable o caprichosa según lo estatuido por la normativa que rige nuestro ordenamiento jurídico. Ante una controversia como la del caso de marras, el foro con jurisdicción lo es el judicial. No se cometió el error señalado.
V
Por los fundamentos anteriormente expresados, se expide el recurso de revisión solicitado, y así se confirma la Resolución Sumaria recurrida.
Así lo acordó y lo manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2004 DTA 18
1. Véanse, folios núm. 103 y 104 en Apéndice de autos.
2. Véase, folio núm. 100 en Apéndice de autos.
3. Acompañaron la Declaratoria de Herederos y el Relevo de Hacienda; véase folio núm. 98 en Apéndice de autos.
4. Véanse, Querella, folios núm. 92-94 en Apéndice de autos.
5. Véase, folio núm. 58 en Apéndice de autos.
6. Véase, cheque núm. 01-11908, folio núm. 24 en Apéndice de autos.
7. Véase, anejo 1 en Moción de Desestimación por Falta de Jurisdicción por COSSEC.
8. Véase, folio núm. 18 en Apéndice de autos.
9. Véase, folio núm. 16 en Apéndice de autos.
10. Véase, folio núm. 11 en Apéndice de autos.
11. Véase, folio núm. 1 en Apéndice de autos.
12. El 25 de agosto de 2003, la parte recurrente presentó su Réplica a Alegato.
*787 13. “El tribunal podrá conceder el remedio apropiado si determina que el peticionario tiene derecho a un remedio.

Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal”. Ley de Procedimiento Administrativo Uniforme, supra, sec. 2175.
14. “No empece esta deferencia, la interpretación de la agencia no merece deferencia si la misma afecta derechos fundamentales, resultare irrazonable, o conduce a la comisión de injusticias. Comisionado de Seguros de Puerto Rico v. Antilles Insurance Company, res. el 2 de abril de 1998, 98 J.T.S. 38.” Según citado en Costa Wood, et al. v. Caguas Expressway Motors, Inc., supra, a la pág. 489.
15. Reyes Salcedo v. Policía de P.R., 143 D.P.R. 85 (1997); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692 (1975); Quevedo Segarra v. J.A.C.L., 102 D.P.R. 87 (1974); Rodríguez v. Comisión Industrial, 99 D.P.R. 368 (1970); Román v. Superintendente de la Policía, 93 D.P.R. 685 (1966).
16.7 L.P.R.A. sec. 1334b (c) (1).
17. Por razón de la cuestión planteada ante nos, habremos de limitarnos a atender los asuntos relacionados a la desestimación de la querella de autos. Así, pues, no habremos de emitir en esta etapa, manifestaciones en torno a la naturaleza privativa o ganancial de los bienes en cuestión, la validez de la tarjeta cumplimentada o cualesquiera asuntos relacionados con ello.